IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNOLD STEVEN MIRALDA-CRUZ (3), #59456-177, | § § § | |
| Movant, | § § | |
| v. | § § | No. 3:22-cv-01045-B (BT) No. 3:18-cr-00333-B |
| UNITED STATES of AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Arnold Steven Miralda-Cruz, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Miralda-Cruz's § 2255 motion.

I.

Miralda-Cruz pleaded guilty to participating in a conspiracy to commit racketeering activity, which included an act involving aggravated robbery, in violation of 18 U.S.C. §§ 1962(d) and 1963(a). The District Court sentenced him to 210 months' imprisonment. Miralda-Cruz appealed to the Fifth Circuit Court of Appeals, but the Fifth Circuit granted the

1

Government's motion to dismiss and denied Miralda-Cruz's motion to extend time to file a brief as moot.

Miralda-Cruz then filed this § 2255 motion (CV ECF No. 2) and a memorandum in support (CV ECF No. 3),[1] in which he argues:

(1) His appointed attorney provided ineffective assistance of counsel which led him to enter an improper guilty plea; and

(2) The Court abused its discretion when it sentenced him above his guideline range.

The Government responds that Miralda-Cruz's ineffective assistance of counsel claim is belied by the representations in his plea agreement, and he waived his right to his attack his sentence in his plea agreement. The Government concludes that Miralda-Cruz's motion should be denied with prejudice. Miralda-Cruz did not file a reply, and the time for doing so has passed. His claims are fully-briefed and ripe for determination.

II.

A. *Miralda-Cruz's ineffective assistance of counsel claim fails under Strickland.*

Miralda-Cruz argues that he was "misadvised [of] the consequences of his guilty plea and waiver of appeal." Mem. 1 (CV ECF No. 3); *see also* Mot.

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:22-cv-01045-B-BT, and "CR ECF" refers to the underlying criminal action, case number 3:18-cr-00333-B-3.

7 (CV ECF No. 2). Specifically, Miralda-Cruz contends that his attorney advised him that if he pleaded guilty, he would receive a sentence of 151 months, at the most. Mem. 1 (CV ECF No. 3). Miralda-Cruz further contends that the sentence he received was fifty-nine months higher than the maximum sentence his attorney advised him to expect. *See id.* This claim should be denied because it is belied by Miralda-Cruz's sworn statements and the record, which demonstrate that his guilty plea was knowing and voluntary.

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The record shows that Miralda-Cruz's guilty plea was both knowing and voluntary. For a guilty plea to be valid, it must be both knowing and voluntary. *Smith v. McCotter,* 786 F.2d 697, 701 (5th Cir. 1986); *see also United States v. Hernandez,* 234 F.3d 252, 254 (5th Cir. 2000) ("A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily,

3

and intelligently.") (quotation marks and citation omitted); *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) ("Because a guilty plea involves the waiver of constitutional rights, it must be knowing, voluntary, and intelligent.") (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A knowing and voluntary guilty plea means that "a defendant must have full knowledge of what the plea connoted and of its consequences." *Lord*, 915 F.3d at 1016 (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).

A plea is knowingly made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Lord*, 915 F.3d at 1016.

The consequences of sentencing, as they relate to a guilty plea, mean that the defendant must be aware of the maximum prison term and fine for the offense he is charged. *United States v. Herrod*, 595 F. App'x 402, 412 (5th Cir. 2015) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)); *see also United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) ("If the defendant is aware of the potential maximum prison term and fine for

the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered."); *United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008) (per curiam) ("[B]ecause [the defendant] was aware of his minimum and maximum potential sentences and understood the elements of the offense as charged, he also has not established that his guilty plea was not knowing or voluntary.") (citing *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003)).

At his rearraignment hearing, the Court advised Miralda-Cruz of his rights, including his right to plead guilty to the offense charged, or proceed to trial. *See* CR ECF No. 333 at 4-5. The Court explained how sentencing works in the federal system. *Id.* at 5-7. And the Court specifically informed Miralda-Cruz that the sentencing guidelines are advisory, that the sentencing judge is not required to follow the guidelines, and that he "should never depend on any statement or promise by any person as to some exact sentence that you might receive because only the district judge can make that decision." *Id.* at 5-6. Miralda-Cruz affirmed, under oath, that he had received a copy of the indictment; he had read it; and he understood what it said. *Id.* at 10. He confirmed that he had reviewed the Factual Resume with his attorney, and he admitted to committing the essential elements of the offense of his conviction, a violation of 18 U.S.C. §§ 1962(d) and 1963(a). *Id.* at 12. The Court reviewed the plea agreement with Miralda-Cruz in open court, and he admitted that he voluntarily entered into that agreement. *Id.*

5

at 15-18. The prosecutor advised Miralda-Cruz of the minimum and maximum penalties he faced, including that "the maximum sentence provided . . . is life imprisonment." *Id.* at 13. Finally, after being provided with all this information, Miralda-Cruz pleaded guilty. *Id.* at 18. The Court found that Miralda-Cruz was fully competent and capable of entering an informed plea, and his plea was supported by an independent factual basis containing each of the elements of the offense of conviction. *Id.* at 18-19. Therefore, the Court recommended that the District Court accept Miralda-Cruz's guilty plea. *Id.* at 18; *see also* (CR ECF No. 290).

In view of the record, it is apparent that Miralda-Cruz's guilty plea was knowingly and voluntarily entered. In particular, "[s]olemn declarations in open court carry a strong presumption of verity," which create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In the Fifth Circuit, great weight is afforded "to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). When a § 2255 movant brings a claim that is at odds with his sworn testimony, he must independently corroborate his allegations. *United States v. Gonzalez*, 139 F.3d 899, 1998 WL 127868, at *2 (5th Cir. 1998) (per curiam). Here, Miralda-Cruz has not come forward with any evidence to

6

independently corroborate his allegations that his plea was not knowingly and voluntarily entered.

Moreover, Miralda-Cruz signed a written plea agreement, which stated: (1) he had reviewed the guidelines with his attorney; (2) the Court was bound only by the minimum and maximum penalties; (3) the sentence would be decided by the Court in its sole discretion; and (4) no one could predict with certainty what his sentence would ultimately be. (CR ECF No. 282 ¶ 5.) "Official documents – such as a written plea agreement – are 'entitled to a presumption of regularity and are accorded great evidentiary weight.'" *United States v. McDaniel*, 907 F.3d 366, 371 (5th Cir. 2018) (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).

Miralda-Cruz's ineffective assistance of counsel claim also fails because he cannot show prejudice under *Strickland*. Miralda-Cruz's conviction was the result of a guilty plea, so the issue is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (applying the two-pronged *Strickland* standard "to challenges to guilty pleas based on ineffective assistance of counsel"). This means that a movant alleging ineffective assistance of counsel where there was a guilty plea "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206, 210 (5th Cir. 1994) (citing *Hill*, 474 at

52); *see also* Young v. Spinner, 873 F.3d 282, 285 (5th Cir. 2017). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017); *see also United States v. Valdez*, 973 F.3d 396, 403 (5th Cir. 2020); *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate contemporaneous comments at the plea hearing). When a court evaluates whether a defendant would have gone to trial, the factors it considers include "the risks [he] would have faced at trial," "his 'representations about his desire to retract his plea,'" and "the district court's admonishments." *United States v. Batamula*, 823 F.3d 237, 240 n.4 (5th Cir. 2016) (en banc) (quoting *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014)). "'[C]ontemporaneous evidence' is the key." *United States v. McClinton*, 782 F. App'x 312, 314 (5th Cir. 2019) (per curiam) (quoting *Lee*, 137 S. Ct. at 1965).

In this case, the evidence against Miralda-Cruz was overwhelming. He was one of the most violent members of the Irving Loco Salvatrucha gang, a faction of the notorious MS-13 gang in Irving Texas. (PSR ¶ 20; *see also* CR ECF No. 320 (adopting the PSR without change at sentencing).) On July 14, 2017, Miralda-Cruz was involved in a violent attack on multiple victims in

8

Dallas, Texas. (PSR ¶¶ 22-24.) During the attack, Miralda-Cruz stabbed the victims so hard that he bent and broke the knife he was using. (PSR ¶ 24.) One of the victims had his throat and chest sliced, and he had to undergo cardiac surgery, and was hospitalized for seven days. (PSR ¶ 26.) Miralda-Cruz fled the country after the attack, but he was later extradited here and admitted to law enforcement that he was involved in the attack and provided details about the attack. (PSR ¶ 40.)

Considering this evidence, Miralda-Cruz cannot demonstrate that he would have insisted on going to trial regardless of what he thought his sentence might be. Miralda-Cruz benefitted from his plea agreement with the Government because, if he had chosen to go to trial, he likely would have been convicted on all five of the counts charged in the indictment, instead of only the one to which he pleaded guilty. (PSR ¶ 106.) Miralda-Cruz's statutory maximum term of imprisonment would have been 600 months greater (50 years), and the punishment for each count could have run consecutively to the punishment for the other counts. (PSR ¶ 106.) It is highly unlikely that Miralda-Cruz would have chosen to go to trial in the face of these consequences and the Government's evidence against him.

For these reasons, Miralda-Cruz has not shown deficient performance or prejudice resulting therefrom. Therefore, this claim fails under both prongs of the *Strickland* standard, and it should be denied.

9

B. <u>Miralda-Cruz's sentencing claim is barred by his collateral review waiver</u>.

Next, Miralda-Cruz argues that the Court abused its discretion when it sentenced him to twenty-two months above his guideline-range. Mem. 7-10 (CV ECF No. 3.) Miralda-Cruz contends that the Court's sentence was the result of an "erroneous assessment of the evidence." *Id.* at 7. In support of this claim, Miralda-Cruz points to the Court's statements at his sentencing hearing. *Id.* at 7-9.

Miralda-Cruz pleaded guilty pursuant to a written plea agreement. (CR ECF Nos. 282, 283, 301.) The plea agreement specifically included the following waiver provision:

> **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 282 at 6.) Miralda-Cruz's sentencing claim does not specifically fall within any reservation of rights contained in his appellate-rights waiver provision.

10

Generally, a collateral review waiver provision is enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, the Fifth Circuit has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

There is no indication from the record that Miralda-Cruz's appellate-rights waiver was not informed and voluntary. In fact, in his plea agreement, Miralda-Cruz acknowledged his guilty plea was "freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose." (CR ECF No. 282 at 6.) Miralda-Cruz additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation . . . [he] has received from [his] lawyer explanations satisfactory to [him] concerning each paragraph of this plea agreement, each of [his] rights affected by this agreement, and the alternatives available to [him] other than entering into this agreement." *Id.*

11

at 6-7. Miralda-Cruz then conceded "that [he was] guilty, and after conferring with [his] attorney, [he] has concluded that it is in [his] best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." *Id.* at 7. And at his rearraignment hearing, the Court specifically noted that the plea agreement included a broad waiver of Miralda-Cruz's right to challenge his conviction and sentence in a collateral proceeding. *Id.* at 16-17. Miralda-Cruz admitted under oath that he had discussed that right with his attorney, that he understood that right, and that was voluntarily waiving that right. *Id.* at 17.

In sum, Miralda-Cruz's waiver was knowing and voluntary, and his sentencing claim is barred by the appellate-rights waiver in his plea agreement.

### III.

The District Court should DENY Miralda-Cruz's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed November 3, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

13